IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CV-62-D

| | |
|---|---|
| CLAUDE DANIEL HUNTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WAKE COUNTY BOARD OF EDUCATION ) | |
| and WAKE COUNTY PUBLIC SCHOOLS, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Claude Hunter filed suit against defendants Wake County Board of Education and Wake County Public Schools. Plaintiff (who is African-American) alleges, inter alia, that defendants violated Title VII, 42 U.S.C. § 1981, and 42 U.S.C. § 1983 by denying him a pay increase comparable to the pay increases given to Caucasian licensed maintenance field supervisors. On April 21, 2008, defendants filed a motion to dismiss the complaint. On May 26, 2008, plaintiff responded in opposition. For the reasons explained below, Wake County Public Schools is dismissed as a defendant, and plaintiff's claims under Title VII and section 1981 against Wake County Board of Education are dismissed. Plaintiff's section 1983 claims in counts one and two are permitted to proceed.

I.

Plaintiff named "Wake County Public Schools" as a defendant. See Compl. 1. "State law dictates whether a [state] governmental agency has the capacity to be sued in federal court." Efird v. Riley, 342 F. Supp. 2d 413, 419–20 (M.D.N.C. 2004). Wake County Public Schools is not a corporate entity subject to suit under North Carolina law. Cf. N.C. Gen. Stat. § 115C-40. Plaintiff's

employer was Wake County Board of Education, and Wake County Public Schools is dismissed as a defendant in this action.

II.

As for plaintiff's claim in count one, plaintiff alleges that:

> During the period from 2003 until [] December 22, 2006, as a non-licensed custodian field supervisor, I was denied a pay increase equal or comparable to the pay increases given to licensed maintenance [field] supervisors, all Caucasians. I was employed by the above-named employer from 2001 until December 22, 2006, when I took disability retirement. As a result of the lower pay increases I received, my retirement pay is lower than it would be if I had received the same or comparable pay increases as the licensed maintenance [field] supervisors.

Def.'s Mot. to Dismiss Ex. 1, ¶ I [hereinafter "Pl.'s EEOC Charge"]; Compl. 6 (count one).[1] In count one, plaintiff relies on Title VII (alleging both disparate treatment and disparate impact), section 1981, and section 1983. See Compl. 6 (count one). In count two, plaintiff alleges retaliation in violation of Title VII, section 1981, and section 1983. See id. (count two).

Title VII requires an aggrieved employee to file a charge with the EEOC within 180 days after the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e). "[I]f the employee does not submit a timely EEOC charge, the employee may not challenge the practice in court." Ledbetter v. Goodyear Tire & Rubber Co., 127 S. Ct. 2162, 2166–67 (2007); Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 (2002); Williams v. Giant Food, Inc., 370 F.3d 423, 428 (4th Cir. 2004). Here, plaintiff filed his EEOC charge on September 12, 2007. See Pl.'s EEOC Charge. However, as reflected in the EEOC charge, plaintiff retired on December 22, 2006. See id. ¶ I. Thus, plaintiff

---

[1] The court takes judicial notice of plaintiff's EEOC charge. Cf. Compl. 2. A court may rely on documents that are integral to and explicitly relied on in the complaint without converting the motion into a motion for summary judgment. See, e.g., Phillips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir. 1999); Bratcher v. Pharm. Prod. Dev., Inc., 545 F. Supp. 2d 533, 538 n.3 (E.D.N.C. 2008); Whitesell v. Town of Morrisville, 446 F. Supp. 2d 419, 421–22 (E.D.N.C. 2006); accord 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1327 (3d ed. 2004).

2

filed the charge 264 days after the last alleged discriminatory act, and plaintiff's Title VII pay discrimination claim in count one is untimely. See, e.g., Ledbetter, 127 S. Ct. at 2166–67. As such, plaintiff has failed to state a claim upon which relief may be granted in count one under Title VII.

In opposition to this conclusion, plaintiff contends that his decreased retirement pay reflects a violation within the 180-day period; therefore, his EEOC charge and his Title VII claim in count one are timely. See Pl.'s Resp. in Opp'n to Mot. to Dismiss 4–5. In Ledbetter, the Supreme Court held that the discriminatory act takes place when the employer made the intentional decision that resulted in the pay differential. See Ledbetter, 127 S. Ct. at 2166–69. The Court in Ledbetter rejected the same argument that plaintiff now advances:

> Ledbetter's arguments here — that the paychecks that she received during the charging period . . . each violated Title VII . . . — cannot be reconciled with [governing law]. Ledbetter, as noted, makes no claim that intentionally discriminatory conduct occurred during the charging period or that discriminatory decisions that occurred prior to that period were not communicated to her. Instead, she argues simply that Goodyear's conduct during the charging period gave present effect to discriminatory conduct outside of that period. But current effects alone cannot breathe life into prior, uncharged discrimination . . . . Ledbetter should have filed an EEOC charge within 180 days after each allegedly discriminatory pay decision was made and communicated to her. She did not do so, and the paychecks that were issued to her during the 180 days prior to the filing of her EEOC charge do not provide a basis for overcoming that prior failure.

Id. at 2169 (citation omitted). Thus, the court rejects plaintiff's argument.

As for plaintiff's Title VII claim in count two, plaintiff alleges retaliation in violation of Title VII. See Compl. 6 (count two). Under Title VII, "[a]n individual cannot bring suit until he has exhausted the administrative process." Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005). Plaintiff did not check the "retaliation" box on his EEOC charge, see Pl.'s EEOC Charge, and did not allege retaliation in the factual description of his grievance. See id. ¶¶ I–III. As such, plaintiff failed to exhaust his administrative remedies under Title VII, and that claim is dismissed. See, e.g.,

3

Miles v. Dell, Inc., 429 F.3d 480, 491–92 (4th Cir. 2005).

III.

As for plaintiff's section 1981 claim in counts one and two, that claim fails to state a claim upon which relief may be granted. Section 1983 "provides the exclusive federal damages remedy for the violation of the rights guaranteed by [section] 1981 when the claim is pressed against a state actor." Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 735 (1989). The Wake County Board of Education is a state actor, and Jett remains good law. See Dennis v. County of Fairfax, 55 F.3d 151, 156 & n.1 (4th Cir. 1995); see also Lewis v. Robeson County, 63 F. App'x 134, 138 (4th Cir. 2003) (per curiam) (unpublished); Farmer v. Ramsay, 43 F. App'x 547, 553 n.8 (4th Cir. 2002) (unpublished); Childress v. City of Richmond, 907 F. Supp. 934, 940 (E.D. Va. 1995), aff'd, 134 F.3d 1205 (4th Cir. 1998) (per curiam) (en banc); Roberson v. City of Goldsboro, No. 5:07-CV-429-D, 2008 WL 2078067, at *2–*3 (E.D.N.C. May 15, 2008). Thus, plaintiff fails to state a section 1981 claim in counts one and two, and those claims are dismissed.

Finally, the Wake County Board of Education's motion to dismiss did not expressly address plaintiff's section 1983 claims in counts one and two. Thus, those two claims are permitted to proceed.

IV.

As discussed, the court GRANTS the motion to dismiss Wake County Public Schools as a defendant. Additionally the court GRANTS defendant Wake County Board of Education's motion to dismiss plaintiff's Title VII and section 1981 claims. Specifically, plaintiff's Title VII race discrimination claim in count one and plaintiff's section 1981 claims in counts one and two fail to state a claim upon which relief may be granted and are DISMISSED. Plaintiff's Title VII retaliation claim in count two is DISMISSED due to plaintiff's failure to exhaust administrative remedies.

4

Plaintiff's section 1983 claims in counts one and two are permitted to proceed.

SO ORDERED. This 8 day of July 2008.

JAMES C. DEVER III
United States District Judge